No. 553

First Circuit

---

SIMS v. LAKE CHARLES IRON & METAL CO.

---

(December 30, 1929.  Opinion and Decree.)
(March 5, 1930.  Rehearing Refused.)

---

Griffin T. Hawkins, of Lake Charles, attorney for plaintiff, appellee.

M. R. Stewart, of Lake Charles, attorney for defendant, appellant.

LECHE, J. Defendant appeals from a judgment awarding plaintiff compensation under the Employers' Liability Act in the sum of $299 payable during the first 50 weeks, in instalments of $5.20 per week and during the succeeding 75 weeks in instalments of 52 cents per week. The only defense in the case, is that plaintiff is not entitled to compensation because at the time he was injured, he was violating statutory regulations enacted for the safety of himself and others, as provided by section 28 of the Employers' Liability Act (Act No. 20 of 1914).

Plaintiff was driving a truck on the public highway known as the Old Spanish Trail, in the direction of Lake Charles. He ran his truck into an abutment on the end of a concrete bridge, and the impact partially wrecked the truck and jammed his foot between a lot of scrap brass in the truck and the foot brake control. His ankle was crushed and the ligaments and muscles of his foot were seriously injured. The fact that the accident happened while plaintiff was working for the defendant, that it took place while he was employed by defendant and during the course of his employment, is not denied. But defendant contends that plaintiff was driving over the speed limit, on the left hand side of the road and that the accident happened as a result of plaintiff's own recklessness and his violation of the statute regulating automobile traffic along the public highways of the state. Without in any manner expressing any opinion as to whether the allegations in defendant's answer are sufficient to absolve it from responsibility, we do not think that the evidence in the record establishes the recklessness and negligence charged to the plaintiff. It is admitted that plaintiff was on the extreme left side of the road when he ran into the bridge abutment, but it is also proved that he had to do so to avoid a collision with some cattle standing along the road and therefore that he did not "deliberately breach any statutory regulation affecting the safety of life and limb" as provided in the statute. Nor is there proof to the effect that he was at the time, exceeding any speed limit.

We believe that the evidence fully justifies the conclusion that defendant is liable.

Plaintiff has answered this appeal and he asks that the allowance of 52 cents per week for the last 75 weeks, be increased to $3 per week. He is entitled to have the judgment so amended in accordance with Section 8, subsection 3, page 361 of Act 242 of the Legislature, adopted in 1928.

It is therefore ordered that the judgment of the district court be amended so as to increase the award of 52 cents per week for the last 75 weeks to $3 per week, and as thus amended the said judgment be affirmed.